UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN STEPHAN PARISIE                                                    PETITIONER

VERSUS                                  CIVIL ACTION NO.  3:11-cv-560-CWR-LRA

STATE OF MISSISSIPPI                                                   RESPONDENT

## MEMORANDUM OPINION

This cause comes before this Court, *sua sponte*.  Petitioner John Stephan Parisie #K8188,

an inmate at the East Mississippi Correctional Facility, Meridian, Mississippi, filed on

September 6, 2011, the instant Notice of Removal [1], pursuant to 28 U.S.C. §§ 1441, 1443, and

1446.  Because Petitioner failed to provide sufficient information concerning the state court case

he is seeking to remove, this Court entered an Order [3] directing Petitioner to provide that

information.  In his Response [5] filed October 3, 2011, to the Court's  Order [3] entered on

September 15, 2011, Petitioner indicates that he is seeking to remove *Parisie v. State*, No. 2010-

M-01374 (Miss. Sup. Ct. 2011) concerning the denial of his Motion for Post-Conviction

Collateral Relief to this Court.

## I.  Background

Petitioner states in his Notice [1] that he was convicted and sentenced as a habitual

offender.  He appealed his conviction to the Mississippi Supreme Court and his conviction and

sentence were affirmed in *Parisie v. State*, 848 So.2d 880 (Miss. 2003).[1]  Notice [1] p. 3.

Petitioner filed with the Mississippi Supreme Court a Motion for Post-Conviction Collateral

Relief challenging his sentence as being illegal in *Parisie v. State of Mississippi*, No. 2010-M-

---

[1]Petitioner was convicted in the Circuit Court of Rankin County for armed robbery,
aggravated assault on a law enforcement officer, and possession of a firearm by a felon and he was
sentenced to life imprisonment.

01374 (Miss. Sup. Ct. 2011). Resp. [5] p.2   The Mississippi Supreme Court denied Petitioner's Motion for Post-Conviction Collateral Relief in *Parisie v. State,* No. 2010-M-01374 (Miss. Sup. Ct. 2011) without reaching the merits of his claim and according to Petitioner, his Motion for Recusal *En Banc*, which was "constitutionally mandated," was also denied. *Id*. p. 7. As a result, Petitioner files this Notice of Removal [1] so that he can pursue his claim that he has been illegally sentenced as a habitual offender. *Id*. p. 7.

## II. Analysis

Having liberally construed the allegations of the instant Notice [1], and Petitioner's Response [5] filed on October 3, 2011, to this Court's order [3] entered on September 15, 2011, this Court has determined, as discussed below, Petitioner's Notice of Removal [1] is not well taken and does not present a valid basis for federal jurisdiction. Therefore, the Notice will be denied and this case will be dismissed with prejudice.

The federal court is required to screen any case in which a prisoner is requesting redress from a governmental entity. *See* 28 U.S.C. § 1915A(a). Petitioner in the instant civil action is presently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, and is seeking relief from the State of Mississippi. Therefore, an initial review of Petitioner's civil action is necessary.

Petitioner asserts in his Notice of Removal [1] that this Court has jurisdiction to consider his claims arising out of his Motion for Post-Conviction Relief which he filed in the Mississippi Supreme Court and was subsequently denied by that State court. A civil or criminal action may be removed by a defendant from State court to federal district court as forth in 28 U.S.C. §§ 1441 and 1443, and in the proper procedural manner as required by 28 U.S.C. § 1446.

2

Petitioner argues in his Response [5] that this Court has jurisdiction of his claim pursuant to 28 U.S.C. § 1441(c).  This Court finds Petitioner's argument without merit.  As an initial matter, "only a defendant, not a plaintiff, may remove a civil action from state to federal court." *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982).  Furthermore, section 1441(c) requires this Court to have original jurisdiction of the claims alleged in the state court action.  Because the Petitioner is not a defendant in the State court case which he is seeking to remove and because this Court does not have original jurisdiction pursuant to 28 U.S.C. § 1331 of Petitioner's Motion for Post-Conviction Collateral Relief filed pursuant to Mississippi Code Annotated §§ 99-39-1 to -29 (1972)(West 2010), there are no bases for removal jurisdiction pursuant to section 1441.

Petitioner further asserts that his Notice [1] meets the requirements of 28 U.S.C. § 1443(1).  Resp. [1] p. 5.  Once again, Petitioner's claim is without merit.  Section 1443(1) requires that the state civil or criminal case Petitioner is seeking to be removed be *pending*, which is not the case in the instant civil action.  As previously mentioned, Petitioner was convicted and his conviction and sentence were affirmed.  *See Parisie v. State*, 848 So.2d 880 (Miss. 2003).  Hence, as far as this case is concerned, Petitioner does not have a pending criminal matter in state court.  Furthermore, notwithstanding Petitioner's claim that he is removing a criminal matter, Resp. [5] p. 2, this Court finds that the state court action which Petitioner is seeking to remove is a civil matter.  *See Culbert v. State*, 800 So.2d 546, 550 (Miss. Ct. App. 2001)(citing *Craft v. State*, 766 So.2d 92, 94 (Miss. Ct. App. 2000)(holding that a post-conviction relief suit is a civil action).  Thus, when Petitioner's Motion for Post-Conviction Collateral Relief and Motion for Recusal *En Banc* were denied by the Mississippi Supreme Court, Petitioner no longer had pending a civil

3

action to remove.  *See Parisie v. State,* No. 2010-M-01374  (Miss. Sup. Ct. 2011).
Consequently, the Notice of Removal [1] cannot be granted pursuant to 28 U.S.C. § 1443(1).

Finally, this Court finds that Petitioner has not met the procedural requirements for
removal under 28 U.S.C. § 1446.  This Court finds that Petitioner was not the defendant in the
state court proceeding he is seeking to remove to this Court as required by 28 U.S.C. § 1446 (a)
and (b).  As for Petitioner's attempt to remove a state criminal matter, this Court has determined
that more than 30 days have lapsed since his arraignment.  *See* 28 U.S.C. § 1446(c)(1).
Petitioner states in his Response [5] that he did not file his Notice of Removal within 30 days
because he "could not reasonably conclude that at any time during the criminal proceedings
against him he would be denied or unable to enforce all state and federal constitutional rights."
This Court is not persuaded by Petitioner's reason for not filing within the 30 days and as such,
he has not demonstrated good cause for failure to timely file his notice of removal.  *See In Re
Piskanin*, 408 Fed. App'x 563, 565, 2010 WL 4358398, at *2 (3rd Cir. Nov. 4, 2010)(finding that
a removal petition filed after a conviction was "plainly . . . untimely under 28 U.S.C.
§ 1446(c)(1)").  *See also Bradford v. State*, 235 Fed. App'x 313, 314, 2007 WL 2298108, at *1
(5th Cir. Aug. 9, 2007)(finding that allegations of civil rights violations, including racial
discrimination, was not good cause for failing to file a timely notice of removal).

Even though Petitioner states in his Response [5] that he is not filing a petition for habeas
relief, to the extent this Court could construe the Notice [1] as a request for habeas relief, this
Court finds that Petitioner has previously filed for habeas relief in this Court in *Parisie v. Lee*,
No. 3:04-cv-357-WHB-JCS (S.D. Miss. June 21, 2006).  In the previous habeas civil action,
Respondent filed an answer and a copy of the state court record.  On June 21, 2006, this Court
entered a Final Judgment [19] dismissing the habeas action with prejudice.  According to the

docket entries in *Parisie v. Lee*, No. 3:04-cv-357-WHB-JCS , Petitioner did not file a notice of appeal to the United States Court of Appeals for the Fifth Circuit.

Since Petitioner has previously filed a habeas attacking his 2001 conviction as a habitual offender for armed robbery, aggravated assault on a law enforcement officer, and possession of a firearm by a felon in this court, the instant petition is deemed to be second or successive.  Before filing a second or successive petition, Petitioner should file a motion in the United States Court of Appeals for the Fifth Circuit requesting that an order be entered authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A).  The Fifth Circuit must authorize the filing of the second/successive petition in the district court before such a petition may be considered by this district court.  *Id.*  Because the Fifth Circuit has not authorized Petitioner to file this second/successive habeas claim in this district court, this district court lacks jurisdiction to construe the Notice [1] as a request for habeas relief.  *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999)); *United States v. Rich*, 141 F.3d 550, 554 (5th Cir. 1998).

## III. Conclusion

For the reasons discussed above, the Notice of Removal [1] is denied and this civil action is dismissed with prejudice.  *See Nichols v. Cain*, 122 Fed. App'x 161, 2005 WL 419485, at *1 (5th Cir. Feb. 23, 2005)(finding that the district court dismissing a petition for removal of state court action was proper).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 4th day of November, 2011.

Carlton W. Reeves
UNITED STATES DISTRICT JUDGE